UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BEAVER,

                Plaintiff,

    v.

KATHLEEN SEDEHI,

               Defendant.

Case No. 24-2041-MLP

ORDER TO SHOW CAUSE

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Ronald Beaver's Response in the Form of a Motion for Leave to Amend to Plead Diversity Jurisdiction (dkt. # 35), filed in response to the Court's Order to Show Cause (dkt. # 34), which directed Mr. Beaver to demonstrate why this action should not be dismissed for lack of subject matter jurisdiction.

## II.    DISCUSSION

**A. Subject Matter Jurisdiction**

The Court's jurisdiction in this matter is predicated on diversity of citizenship, which requires that "the citizenship of every plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 62 (1996), *superseded by statute on other grounds*. Mr.

1   Beaver states that Defendant Kathleen Sedehi is a "resident" of Oregon. (Dkt. # 35 at 3.) The
2   diversity jurisdiction statute, however, operates based on citizenship, not mere residency. *See* 28
3   U.S.C. § 1332. Citizenship is determined by domicile, meaning a party's permanent home where
4   they intend to remain or return. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). As the Ninth
5   Circuit has explained, residency and domicile are distinct concepts; residing in a state does not
6   automatically establish citizenship there. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th
7   Cir. 2001), *superseded by statute on other grounds*. While Mr. Beaver asserts that "Ms. Sedehi is
8   not a citizen of Washington" (dkt. # 35 at 3), he has not affirmatively stated her actual state of
9   citizenship. *See id.* ("Absent unusual circumstances, a party seeking to invoke diversity
10  jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").
11  Since the party asserting diversity jurisdiction bears the burden of proof, *see Lew*, 797 F.2d at
12  740, Mr. Beaver's failure to specify Ms. Sedehi's state citizenship is fatal to his assertion of
13  diversity jurisdiction.

    **B.  Mr. Beaver's Motions**

15  Mr. Beaver has also filed motions to set aside the Court's denials of his motions for
16  partial summary judgment and for leave to amend (dkt. ## 36-37), alleging mistake. Mr.
17  Beaver's requests for relief are premature as he has yet to demonstrate that this Court has subject
18  matter jurisdiction over this action. Accordingly, Mr. Beaver's pending motions (dkt. ## 36-37)
19  are STRICKEN pending a response from Mr. Beaver to the Court's Order to Show Cause.

    **III.    CONCLUSION**

21  For the foregoing reasons, Mr. Beaver's Motion for Leave to Amend to Plead Diversity
22  Jurisdiction (dkt. # 35) is DENIED; Mr. Beaver's motions to set aside the Court's denials of his
23  motion for partial summary judgment and his motion for leave to amend (dkt. ## 36-37) are

STRICKEN pending a response from Mr. Beaver to the Court's Order to Show Cause; and Mr. Beaver is ORDERED to show cause, on or before **August 20, 2025**, why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond by **August 20, 2025**, will result in the immediate dismissal of the action.

Dated this <u>14th</u> day of August, 2025.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge