UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BEAVER,<br><br>           Plaintiff,<br><br>   v.<br><br>KATHLEEN SEDEHI,<br><br>           Defendant. | Case No. C24-2041-MLP<br><br>ORDER |

This matter is before the Court on Plaintiff Ronald Beaver's response to the Court's order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Dkt. # 39.) The Court finds that Mr. Beaver has adequately demonstrated diversity of citizenship, establishing that he is a citizen of Washington and Defendant Kathleen Sedehi is a citizen of Oregon. *Adams v. W. Marine Products, Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (explaining that a party can rely on the presumption of continuing domicile unless rebutted). The record shows that Ms. Sedehi resides in Oregon, and she has not rebutted the presumption that she intends to remain there. Therefore, the Court concludes that it has subject matter jurisdiction over this case.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (*See* dkt. ## 31-32.)

ORDER - 1

The Court previously denied Mr. Beaver's motion for partial summary judgment because he failed to establish subject matter jurisdiction. (Dkt. # 34.) Having established diversity jurisdiction, the Court now considers the merits of Mr. Beaver's Motion for Partial Summary Judgment. (Dkt. # 13.) Ms. Sedehi has filed a response (dkt. # 15), and Mr. Beaver has submitted a reply (dkt. # 17).

The Court will also address Mr. Beaver's Motion for Reconsideration (dkt. # 37) for leave to amend to add a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. § 1962(c).

## I.   BACKGROUND

This action concerns the parties' involvement with Rosa & Co. LLC ("ROSA") from January 1, 2008, to March 21, 2022. (Dkt. # 1, ¶¶ 2, 5-7.) Mr. Beaver, a member with a controlling interest, managed ROSA, while Ms. Sedehi served as its controller. (*Id.*, ¶¶ 5-7.) From 2008 until February 2021, Ms. Sedehi classified Mr. Beaver as an "employee" for tax purposes and withheld related taxes. (*Id.*, ¶¶ 8-11.) In February 2021, Mr. Beaver, believing he was misclassified, directed Ms. Sedehi to cease these withholdings. (*Id.*, ¶¶ 13, 17.) In early 2022, Ms. Sedehi resigned after ROSA's CPA raised concerns that these instructions could constitute tax evasion. (*Id.*, ¶ 5; *id.*, Ex. B, at 37-38.) Following her resignation, Mr. Beaver sent notices to Ms. Sedehi claiming damages. (*Id.*, ¶¶ 32-43.) Ms. Sedehi did not respond, leading to this suit. (*Id.*, ¶¶ 49.) Mr. Beaver alleges Ms. Sedehi was negligent and grossly negligent in classifying him as an "employee" and conspired to commit wire and mail fraud to subject him to related taxes. He seeks $148,837.78 for allegedly wrongful employee tax withholdings and an equal amount for employer taxes. (*Id.*, ¶ 21; *see also* dkt. # 18.)

## II. MOTION FOR SUMMARY JUDGMENT

Mr. Beaver moves for partial summary judgment based on the doctrine of estoppel *in pais*, also known as equitable estoppel. *See Dickerson v. Colgrove*, 100 U.S. 578, 580 (1879). He argues that Ms. Sedehi's silence in response to his damage notices constitutes tacit approval of his claims. (Dkt. # 13 at 4-9.) Ms. Sedehi opposes the motion, arguing that Mr. Beaver has failed to establish a prima facie case of negligence or gross negligence, that genuine issues of material fact preclude summary judgment, and that his equitable estoppel claim is not a valid cause of action. (Dkt. # 15 at 3-5.)

Summary judgment is appropriate when the moving party demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must then come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In ruling on a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 587.

Mr. Beaver attempts to use equitable estoppel offensively as a basis for summary judgment. But under Washington law, equitable estoppel is an affirmative defense, not an independent cause of action. *See Grondal v. Mill Bay Members Ass'n, Inc.*, 471 F. Supp. 3d 1095, 1123 (E.D. Wash. 2020) (collecting Washington case law). As equitable estoppel cannot form the basis of a claim for relief, Mr. Beaver's motion fails as a matter of law.

Even if Mr. Beaver could properly assert equitable estoppel as a cause of action, his motion still fails because he has not established a prima facie case of either negligence or gross negligence. To prevail on a negligence claim under Washington law, a plaintiff must show: (1) the existence of a duty of care owed to the plaintiff; (2) a breach of that duty; (3) resulting injury to the plaintiff; and (4) proximate cause between the breach and the injury. *Reynolds v. Hicks*, 134 Wn.2d 491, 495 (Wash. 1998).

Mr. Beaver argues that he "had a right to rely on Ms. Sedehi's presumed expertise" and that her actions constitute negligence as a matter of law. (Dkt. # 13 at 21; *see also* dkt. # 1, ¶ 23 n. 5 (citing *United States v. Boyle*, 469 U.S. 241, 251 (1985)). Mr. Beaver's reliance on *Boyle*, which concerned an appeal of an IRS penalty for failure to timely file a return, is misplaced. In *Boyle*, the Supreme Court explained that while reliance on a tax advisor's opinion could constitute reasonable cause for failing to file a return, reliance was not a substitute for compliance with unambiguous statutes, noting that "one does not have to be a tax expert to know . . . taxes must be paid." 469 U.S. at 250-52.

Critically, Mr. Beaver has failed to present any evidence establishing that Ms. Sedehi owed him a specific duty of care that she breached. He has not identified the source of such a duty, nor has he demonstrated how Ms. Sedehi's actions fell below the applicable standard of care. The burden of establishing the existence of a duty rests with Mr. Beaver, and his failure to do so is fatal to his negligence claim.

To establish gross negligence under Washington law, a plaintiff must show a "failure to exercise slight care." *Harper v. State*, 192 Wn.2d 328, 342 (Wash. 2018) (citation omitted). This standard requires evidence of care "substantially or appreciably less than the quantum of care inhering in ordinary negligence." *Kelley v. State*, 104 Wn. App. 328, 333 (Wash. Ct. App. Div. 2,

2000) (citation omitted). Thus, to survive summary judgment, a plaintiff alleging gross negligence must provide substantial evidence of serious negligence. Because Mr. Beaver has failed to present any evidence supporting a claim of ordinary negligence, his claim of gross negligence necessarily fails as well.

### III.     MOTION FOR RECONSIDERATION

Mr. Beaver moves for the Court to reconsider denial of leave to amend to add RICO claims, arguing the Court "disregarded Beaver's pleadings and controlling law prior to denial." (Dkt. # 37 at 1.) Specifically, he contends the Court erred in determining his proposed amendment was futile for failure to allege an open-ended pattern of activity, contending that he instead alleged a closed-ended pattern of racketeering activity.[2] (*Id.* at 3-5.)

Motions for reconsideration are disfavored and granted only upon a showing of clear error in the prior decision or the presentation of new facts or legal authority that could not have been presented earlier. Local Rules W.D. Wash. LCR 7(h)(1). A motion for reconsideration must specifically identify the matters the Court overlooked or misunderstood, present any new information, and explain the specific changes requested to the Court's prior ruling. LCR 7(h)(2). As explained below, because no new facts or legal arguments have been presented that would change the Court's prior ruling, Mr. Beaver's motion is denied.

To demonstrate a closed-ended pattern of racketeering activity, a plaintiff must show a series of related wrongful acts that continue over a significant period. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). In determining whether this has been shown, courts consider: (1) the number and variety of the wrongful acts; (2) whether there were separate, distinct schemes;

---

[2] The Ninth Circuit cautions against creating artificial barriers to RICO claims. *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 194 (9th Cir. 1987). Accordingly, the Court considered whether—absent closed-ended continuity—his claim could succeed under the more flexible "open-ended" continuity standard. *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1528-30 (9th Cir. 1995).

ORDER - 5

(3) the number of people harmed; and (4) the types of injuries suffered. *NSI Tech. Servs. Corp. v. Nat'l Aeronautics & Space Admin.*, 1996 WL 263646, at *3 (N.D. Cal. Apr. 13, 1996). Notably, "[t]he mere passage of time does not necessarily indicate the existence of a closed-ended pattern." *Richardson v. Reliance Nat. Indem. Co.*, 2000 WL 284211, at *9 (N.D. Cal. Mar. 9, 2000).

More significantly, "a single alleged fraud with a single victim" does not constitute a closed-ended pattern of racketeering activity. *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1364 (9th Cir. 1987); *accord NSI Tech. Servs. Corp.*, 1996 WL 263646, at *3 ("A single plan with a singular purpose and effect does not constitute a 'pattern' of racketeering activity."); *Buran Equip. Co., Inc. v. Hydro Elec. Constructors, Inc.*, 656 F. Supp. 864, 866 (N.D. Cal. 1987) ("It places a real strain on the language to speak of a single fraudulent effort, implemented by several fraudulent acts, as a 'pattern of racketeering activity.'").

Mr. Beaver argues that each use of the interstate wires or mail, and each alleged instance of theft of his property used to further the alleged fraudulent scheme, should be considered a separate predicate act. (Dkt. # 37 at 4.) However, Mr. Beaver's allegations, even when considered in their totality, amount to a single plan with a single purpose. While it is true that "[e]vidence of multiple schemes is not required to show a threat of continued criminal activity," *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004), this is because a threat of continued criminal activity can also be shown by evidence of open-ended criminal conduct, *see H.J. Inc.*, 492 U.S. at 240-41. The alleged scheme here involved a single victim (Mr. Beaver) and a single underlying goal: to classify Mr. Beaver as an employee subject to taxes. As a result, Mr. Beaver has not sufficiently alleged a pattern of racketeering activity, whether open or closed.

IV.   CONCLUSION

For the foregoing reasons, Mr. Beaver's Motion for Partial Summary Judgment (dkt. # 13) and Motion for Reconsideration (dkt. # 37) are DENIED.

Dated this 26th day of August, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7